IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK,<br><br>    Petitioner,<br><br>    v.<br><br>COUNTY OF SACRAMENTO,<br><br>    Respondent. | No. 2:21-CV-1499-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

       Petitioner, who is proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court are Respondent's motion to dismiss, ECF No. 17, Petitioner's opposition to the motion to dismiss, ECF No. 20, Respondent's reply to the opposition, ECF No. 21, and Petitioner's amendment to opposition to Respondent's motion to dismiss, ECF No. 23. Respondent argues the action must be dismissed for failure to comply with provisions of Rule 2 of the Federal Rules Governing Section 2254 Cases.

### I. BACKGROUND

       Petitioner initiated this action with a habeas petition challenging his five-year probation sentence for burglary. See EFC No. 1, pg. 1. Petitioner amended the petition on October 5, 2021, to allege additional facts relevant to case numbers 17FE002343 and 17FE06221. See EFC No. 7. The substance of the first amended petition is a list of various abuses committed

against Petitioner by the "county court officers," Volunteers of America, and witnesses that testified against Petitioner. See id. These allegations include a conspiracy to prolong Petitioner's probation and incur fines against Petitioner to steal Petitioner's home and property "thru real estate conversion and manipulation of time and Petitioner's service benefits," thus "keeping [Petitioner] homeless and without means to work," submitting false evidence, poisoning Petitioner's mother with psychiatric medication leading to sepsis, cancer, and death, and assaulting Petitioner (which Petitioner alleges is captured on a traffic light camera.) Id. at 5-8. Petitioner also states his burglary conviction is invalid because the antique rosewood chairs, golf clubs, and "Craftsman tools" that were burglarized belonged to Petitioner before they were stolen during his 2006 military deployment. Id. at 5. Petitioner also claims that state officials coerced Petitioner into being homeless upon release. Id. at 8.

Regarding case number 17FE06221, Petitioner alleges that law enforcement submitted false evidence of a stolen pistol on Petitioner's property, and that Petitioner's victims were gang members, drug dealers, had "pointed a shotgun at his family," and were in conflict with rival gang members. Id. Petitioner also contends that his victim was a sex trafficker, producer of pornographic child films, sells drugs, is "known to kill white men," and was associated with a Volunteers of America member who defrauded veteran's benefits from Petitioner, his mother, and his mother's estate. Id.

Regarding case number 17FE002343, Petitioner contends that the court wrongly denied Petitioner counsel because "the DA had judge relieve privately attained attorney for trial" and therefore Petitioner was forced to revoke his non-guilty plea because he was denied counsel. Id. Petitioner alleges facts questioning victim credibility, alleging they are "ex-felons with severe drug charges and active gang associations," "employed a teenager to sell drugs on school premises," "stole plaintiff's father's locksmith set and licensed accounts to burglarize homes," "approaching plaintiff's family with guns," and "had large eight-ball looking bags of black tar heroin for sale." Id. at 4. Petitioner also alleges he was denied the opportunity to cross-examine the illegitimate witnesses in trial. See id. at 2-3.

///

## II. DISCUSSION

In its motion to dismiss, Respondent argues that Petitioner's first amended petition must be dismissed for failure to comply with Rules 2(c) and 2(e) of the Federal Rules Governing Section 2254 Cases. See ECF No. 17. For the reasons discussed below, the Court agrees.

### A. Rule 2(c)

Allegations which are unsupported by a statement of specific facts do not warrant federal habeas relief. *James v.* Borg, 24 F.3d 20, 26 (9th Cir. 1994). Moreover, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). Thus, in order to satisfy Rule 2(c), facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted." Frasier v. Hernandez, 2007 WL 1300063, *3 (S.D. Cal. Apr. 30, 2007).

Here, the Court agrees with Respondent that the first amended petition fails to comply with Rule 2(c). Specifically, it is largely incoherent, references more than one state court conviction, and does not state any request for relief.

### B. Rule 2(e)

Rule 2(e) of the Federal Rules Governing Section 2254 Cases permits a petition to only challenge a single judgment. Under Rule 2(e), petitioners seeking relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court. See Dickey v. Davis, 231 F. Supp. 3d 634, 728 (E.D. Cal. 2017). As discussed above, the first amended petition challenges more than one state court conviction. As such, it must be dismissed with leave to amend to challenge a single conviction in this case and without prejudice to challenging any other convictions in separate new petitions.

/ / /

/ / /

/ / /

/ / /

/ / /

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss, ECF No. 17, be granted and that Petitioner be directed to file a second amended petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 7, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4