IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK, | No. 2:21-CV-1499-DAD-DMC-P |
| Petitioner, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, | |
| Respondent. | |

Petitioner, who is proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned pursuant to the District Judge's November 10, 2022, order dismissing Petitioner's first amended petition and designating the second amended petition at ECF No. 26 as the operative petition.

A review of the second amended pleading reveals that it suffers from a number of defects. First, it does not name the proper respondent. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); see also Rule 2(a), Federal Rules Governing Section 2254 Cases. Here, Petitioner does not name any custodial officer but instead improperly names only the County of Sacramento.

/ / /

/ / /

1

Second, the second amended petition does not comply with Rule 2(c) of the Federal Rules Governing Section 2254 Cases.  Allegations which are unsupported by a statement of specific facts do not warrant federal habeas relief.  James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).  Moreover, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994).  Thus, in order to satisfy Rule 2(c), facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted." Frasier v. Hernandez, 2007 WL 1300063, *3 (S.D. Cal. Apr. 30, 2007).  Here, as with the first amended petition, the second amended petition does not contain a statement of specific facts to allow the Court to determine whether he has stated a cognizable claim for federal habeas relief.

Finally, also as with the first amended petition, the second amended petition continues to appear to challenge more than one conviction.  Rule 2(e) of the Federal Rules Governing Section 2254 Cases permits a petition to only challenge a single judgment.  Under Rule 2(e), petitioners seeking relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.  See Dickey v. Davis, 231 F. Supp. 3d 634, 728 (E.D. Cal. 2017).  The second amended petition continues to reference to separate state court cases – Sacramento County Superior Court case nos. 17FE06221 and 17 FE2343.

Petitioner will be provided an opportunity to amend.  Petitioner is cautioned that failure to file a third amended petition within the time permitted therefor may result in dismissal of the entire action for lack of prosecution and failure to comply with Court rules and orders.  See Local Rule 110.

/ / /

/ / /

/ / /

/ / /

/ / /

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's second amended petition, ECF No. 26, is dismissed with leave to amend;

2. Petitioner shall file a third amended petition on the form provided within 30 days of the date of this order; and

3. The Clerk of the Court is directed to forward to Petitioner the court's form habeas corpus petition.

Dated: December 15, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE