IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ATTORNEY GENERAL,<br><br>　　　　Respondent. | No.  2:21-CV-1499-DAD-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, who is proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the Court is Respondent's unopposed motion to dismiss Petitioner's third amended petition.  ECF No. 32.

　　　　Petitioner's third amended petition states a request for relief from a first-degree burglary conviction in Sacramento County Superior Court Case number 17FE06211.  ECF No. 30 at 1.  Petitioner apparently means to seek relief from his first-degree burglary conviction in Sacramento County Superior Court Case number 17FE002343— case number 17FE06211 charged Petitioner with crimes other than burglary and was ultimately dismissed.  ECF No. 32 at 2; See ECF No. 18.

　　　　Petitioner seeks habeas relief for the "[v]acating of sentence and plea withdraw after completion of veteran's treatment court.  Exoneration in the future to restore professional licenses.  Restitution be removed from Petitioner credit history."  ECF 30 at 1.  Petitioner is no

longer in custody and his probation has terminated. Id. at 1, 7.

The factual basis offered by Petitioner is a bald allegation that the victim's complaint was not true and that the victim could not produce claimed video evidence. Id. at 1.

Petitioner's third amended petition, like the previous petitions, does not comply with Rule 2(c) of the Federal Rules Governing Section 2254 Cases.  Allegations which are unsupported by a statement of specific facts do not warrant federal habeas relief. James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).  Moreover, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994).  Thus, in order to satisfy Rule 2(c), facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted." Frasier v. Hernandez, 2007 WL 1300063, *3 (S.D. Cal. Apr. 30, 2007).  Here, the third amended petition does not contain a statement of specific facts to allow the Court to determine whether Petitioner has stated a cognizable claim for federal habeas relief. The Court agrees with Respondent that the third amended petition should be dismissed on this basis.

Regardless of the sufficiency of the contents of the petition, Petitioner did not file his original petition within one year of his conviction — or indeed until after he was released from custody.  Petitioner filed his petition on August 20, 2021. ECF No. 1.  According to Petitioner, the date of conviction was September 14, 2018, and the length of his sentence was three years.  ECF No. 30 at 3-4.

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that Petitioner is not entitled to federal habeas relief. In particular, habeas relief is not available because the petition is untimely.[1] Federal habeas corpus petitions must be filed within

---

[1] The United States Supreme Court has ruled that "district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006); see also Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th

1  one year from the later of: (1) the date the state court judgment became final; (2) the date on
2  which an impediment to filing created by state action is removed; (3) the date on which a
3  constitutional right is newly recognized and made retroactive on collateral review; or (4) the date
4  on which the factual predicate of the claim could have been discovered through the exercise of
5  due diligence. See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run
6  when the state court judgment becomes final by the conclusion of direct review or expiration of
7  the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

8       The instant petition is untimely because Petitioner filed the original petition on
9  August 20, 2021, for relief from a conviction in 2018; more than one year having passed since the
10 date of the conviction.  See ECF No. 30 at 3-4.  Petitioner has not alleged, and it is not apparent
11 from the pleadings, that his filing was impeded by state action, that a newly recognized
12 constitutional right became relevant, or that there was a factual predicate to the claim that could
13 not have been discovered at the time of the conviction.  See id.  Nor is it alleged in the third
14 amended petition that Petitioner filed any state court actions for post-conviction relief which
15 would toll the running of the one-year limitations period.  See id.
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /

---

Cir. 2001) (concluding that district court may *sua sponte* consider the statute of limitations as long as the petitioner has notice and an opportunity to be heard before the petition is dismissed as untimely).  By these findings and recommendations, the Court provides Petitioner notice and an opportunity to be heard by way of objections.

3

Based on the foregoing, the undersigned recommends as follows:

1. Respondent's unopposed motion to dismiss, ECF No. 32, be GRANTED.
2. This action be dismissed for failure to comply with Rule 2(c) and as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 13, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE