UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORREY SELCK,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>COUNTY OF SACRAMENTO,<br><br>　　　　Respondent. | No. 2:21-cv-01499-DAD-DMC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS THIRD AMENDED HABEAS PETITION<br><br>(Doc. Nos. 32, 33) |

   Petitioner Morrey Selck proceeds *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

   On October 16, 2023, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss (Doc. No. 32) be granted and this action be dismissed because petitioner's third amended petition fails to comply with Rule 2 of the Rules Governing Section 2254 Cases.  (Doc. No. 33.)  The magistrate judge also found that petitioner's federal habeas petition should be dismissed as untimely because petitioner filed the original federal habeas "petition on August 20, 2021, for relief from a conviction in 2018; more than one year having passed since the date of the conviction."  (*Id*. at 2–3.)  Those findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service.  (*Id*. at 4.)  On October 30, 2023,

1    petitioner filed objections to the pending findings and recommendations.  (Doc. No. 34.)
2    Respondent did not file a response thereto or objections of its own.

3          In his objections, petitioner repeats the arguments that he had presented in opposition to
4    respondent's motion to dismiss and that the magistrate judge already addressed in the findings
5    and recommendations.  (*Id.* at 2–3.)  In addition, while not entirely clear, in his objections,
6    petitioner appears to concede that his petition is untimely and subject to dismissal on that basis.
7    (*Id.* at 3) ("Plaintiff [sic] asserts that respondent motion to dismiss is consented without
8    contention."); *id.* ("Petitioner asserts to respondents motion to dismiss by cause of untimely filing
9    on one conviction is accepted.").  Thus, petitioners objections provide no basis upon which to
10   reject the pending findings and recommendations.

11         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
12   *de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's
13   objections, the court concludes that the pending findings and recommendations are supported by
14   the record and proper analysis.

15         Having concluded that the pending petition must be dismissed, the court also declines to
16   issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute
17   right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v.*
18   *Cockrell*, 537 U.S. 322, 335-36 (2003).  If a court denies a petitioner's petition, the court may
19   only issue a certificate of appealability when a petitioner makes a substantial showing of the
20   denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, the court denies habeas
21   relief on procedural grounds without reaching the underlying constitutional claims, the court
22   should issue a certificate of appealability "if jurists of reason would find it debatable whether the
23   petition states a valid claim of the denial of a constitutional right and that jurists of reason would
24   find it debatable whether the district court was correct in its procedural ruling." *Slack v.*
25   *McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the court finds that reasonable jurists
26   would not find the court's determination that the pending petition must be dismissed to be
27   debatable or wrong.  Thus, the court declines to issue a certificate of appealability.
28   /////

Accordingly,

1. The findings and recommendations issued on October 16, 2023 (Doc. No. 33) are adopted in full;

2. Respondent's motion to dismiss the operative third amended petition for writ of habeas corpus (Doc. No. 32) is granted;

3. This action is dismissed;

4. The court declines to issue a certificate of appealability; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **January 30, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE